# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**KEVIN LEE BURNS,**

    **Plaintiff,**

vs.                                           **Case No. 1:24cv68-AW-MAF**

**CHERYL AND JOHN GOOLDIN,
STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a packet of miscellaneous documents to this Court. ECF No. 9. One page of the document requests leave to proceed without payment of the filing fee. *Id.* at 3. That motion is moot because Plaintiff was already granted in forma pauperis status. ECF No. 4.

The first two pages of Plaintiff's submission were styled for state court. ECF No. 9 at 1-2. It is unknown if Plaintiff filed the "Federal Fair Housing Act Complaint" in state court, or if he intended to file it there but erroneously submitted the document to this Court. At any rate, the

"complaint" appears to concern payment of rent and an eviction notice. *Id.* Those are state law claims and Plaintiff has not provided a basis for proceeding with this case.

To the degree Plaintiff also requests that he be appointed counsel, ECF No. 9 at 3, that motion should be denied. Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Here, Plaintiff has not demonstrated that this Court has jurisdiction over this case, nor has Plaintiff demonstrated that a complex legal issue exists.

Plaintiff has previously been informed that he must submit a proper complaint if he intended to proceed with this case. ECF No. 8. However, based on the information Plaintiff has now submitted to this Court, it is apparent that this case should be dismissed.

Several pages included in this recent submission, ECF No. 9, reveal that Plaintiff has been served with an eviction summons.[1] *Id.* at 16. In addition, a "complaint for tenant eviction" was filed in case number 15-

---

[1] The summons is dated April 3, 2024. ECF No. 9 at 17.

2024-CC, in the County Court of Dixie County, Florida, in early April 2024. *Id.* at 21. Considering that Plaintiff initiated this case on April 19, 2024, it is obvious that Plaintiff is seeking to prevent his eviction through the filing of this case. Indeed, one request for relief in his initial "emergency" complaint was to "enter a restraining order" to prevent the Defendants from entering his residency and, presumably, carrying out his eviction.

However, Plaintiff has not articulated a Fair Housing Act violation and, moreover, even if Plaintiff could raise such a claim as a defense, he could do so in state court. *See* Mercer v. Sechan Realty, Inc., 569 F. App'x 652, 655 (11th Cir. 2014) (stating that "Mercer could have, but elected not to, appeal the dismissal of her Florida FHA claims for failure to exhaust administrative remedies as inconsistent with federal law"). Thus, Plaintiff has not demonstrated a plausible claim which can proceed in this Court. Moreover, this case cannot be used to interfere with a state court eviction proceeding. Mercer, 569 F. App'x at 653 (concluding "that the Anti–Injunction Act precluded the district court from enjoining the state court eviction proceedings"); Am. Homes 4 Rent Properties Eight, LLC v. Dynott, No. 1:15-CV-2689- WSD, 2015 WL 5920130, at *2 (N.D. Ga. Oct. 8, 2015) (noting "a federal court is prohibited under the Anti–Injunction Act,

28 U.S.C. § 2283,[2] from enjoining a state court eviction proceeding"). If Plaintiff seeks to challenge his eviction notice, he must do so in state court.

Because Plaintiff has not demonstrated a plausible claim which can proceed, this case should be dismissed. Further opportunities to submit an amended complaint are not necessary.

In light of the foregoing, it is respectfully **RECOMMENDED** that all of Plaintiff's pending motions be **DENIED** and this case be **DISMISSED** for lack of subject matter jurisdiction and because this case is barred by the Anti-Injunction Act.

**IN CHAMBERS** at Tallahassee, Florida, on May 15, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] That statute provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283.

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:24cv68-AW-MAF